IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WENDY ENGLAND and MICHAEL ENGLAND,

    Plaintiffs,

v.                                                                       CIVIL ACTION NO. 2:06-0073

RICHARD B. SELLERS, and
JOHN DOES 1-10,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motions of the United States to Dismiss Mr. Sellers and Substitute the United States, and to Dismiss for Lack of Subject Matter Jurisdiction. The Complaint has three counts against Defendant Mr. Sellers. The Court **GRANTS** the motion to dismiss Mr. Sellers and substitute the United States as defendant for count I of the Complaint. Further, the Court **DISMISSES** count I of the Complaint with prejudice for failure to exhaust administrative remedies. The Court **DENIES** the motions for substitution and dismissal for counts II and III of the Complaint. The Court **REMANDS** the remaining two counts to the State Court to resolve the matter as it decides, including the claims' viability in light of the current administrative proceeding.

*Count I: Scope of Employment*

As per the March 24, 2006 Order, Plaintiffs' conducted discovery relating to whether Mr. Sellers was acting under the scope of his employment during the January 15, 2004 car accident. After conducting limited discovery, Plaintiffs submitted an Amended Response to the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Amended Response). Plaintiffs acknowledge the evidence shows Mr. Sellers was acting under the scope of his employment when

he was driving to work. Mr. Sellers was acting within the scope of his employment when he was driving the Government Owned Vehicle (GOV) and was participating in the Law Enforcement Availability Pay Program (LEAP) — a program which pays Mr. Sellers to be on call. A function of Mr. Sellers' employment was his commute to work, and he preformed the function according to government policy. In anticipation of the Court granting the United States' motions, Plaintiffs argued a new claim. The Complaint originally stated that Mr. Sellers' actions were "negligent and reckless," Plaintiffs now state Mr. Sellers' actions were "intentional." Under this theory they continue to argue Mr. Sellers was not acting under the scope of his employment. Plaintiffs' implicitly requested leave to amend the Complaint, under Fed. R. Civ. P. 15(a) in the Amended Response. The Court **GRANTS** the requested leave to amend the Complaint. The Court further **FINDS** that Mr. Sellers was acting within the scope of his employment even if his actions are found to be intentional.

Mr. Sellers was acting within the scope of his employment whether or not the tortious action was negligent or intentional. Courts have confronted the issue of scope of employment many times to determine whether an employer is liable for the torts of his employee. The West Virginia Supreme Court of Appeals held that the determination of whether the employee was acting within the "scope of employment" requires a review of the surrounding circumstances, such as "the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act." Griffith v. George Transfer and Rigging, Inc., 201 S.E.2d 281, 288 (W. Va. 1973); see also Chapman v. Rahall, 399 F. Supp. 2d 711, 714 (W.D. Va. 2005).

Courts have found intentional torts can be committed by an employee acting within the scope of the employment. When determining whether an employer is liable, the review focuses

on the relationship between the intentional tort and the employer. In <u>Barath v. Performance Trucking Co.</u>, 424 S.E.2d 602 (W. Va. 1992) the Court found that there was a viable issue of fact as to whether the defendant was acting within the scope of his employment when he committed a violent battery. <u>Chapman</u> further supports the view that the United States would still be liable for an intentional tort by Mr. Sellers. 399 F.Supp. 2d 711. In <u>Chapman</u>, plaintiff sued a Congressman for libel, slander and intentional infliction of emotional distress for comments made to the media. The Court found that speaking to the media was a part of the legislator's job. <u>Id</u>. at 714.

Here, the collision described in count I occurred while Mr. Sellers was commuting to work. During the commute, he allegedly caused the collision by driving negligently, recklessly, or intentionally. Since his conduct occurred in and arose from his commute, he was acting within the scope of his employment. Mr. Sellers did not step out of the bounds of his employment whether it is found he was acting negligently, recklessly or intentionally in causing the accident. Mr. Sellers is dismissed as Defendant and the United States is substituted for him in count I of the Complaint.

The Federal Tort Claims Act (FTCA), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, provides the exclusive remedy for torts committed by federal employees acting under the scope of their employment. <u>See</u> 28 U.S.C. § 2679, <u>amended by</u> 28 U.S.C. 2879; <u>see also</u> 28 U.S.C. § 2675:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Further, according to 28 U.S.C. § 2401(b) the claim must be dismissed as time barred if Plaintiffs do not exhaust the administrative remedies. "[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim." In this case, the claim was timely filed with the administrative agency, however, Plaintiffs did not timely appeal the decision.

Plaintiffs pursued count I of this claim in an administrative proceeding as a Federal Tort Claims Act application with the U.S. Marshals Service on June 8, 2004. The administrative claim was denied and notice was given to their counsel on December 21, 2004. Under 28 C.F.R. §14.9(b) "if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification" or he may file a written request with the agency for a rehearing. Plaintiffs did not file the appropriate actions in either the District Court or with the agency within the six month period.

Plaintiffs argue that they did not receive notice, as they were not informed of the decision by counsel until after the accrual of the time. The regulations under the FTCA do not require the claimant to be personally served, only that the written notice be sent "to the claimant, his attorney, or legal representative by certified or registered mail." 28 C.F.R. §14.9(b). Plaintiffs' attorneys received notice as required by the statute. Plaintiffs were not advised of this until November 17, 2005. At that time, the time to file the current suit had passed. The administrative remedies were not exhausted, therefore the court lacks subject matter jurisdiction and must dismiss the action. Gibbs v. United States, 34 F. Supp. 2d 405, 406 (S. D. W. Va. 1999).

*Counts II and III: Scope of Employment*

Counts II and III of the Complaint allege Mr. Sellers "negligently and recklessly" transmitted information about the accident, and parties involved, to other unnamed defendants to intimidate the Plaintiffs and witnesses in this case. According to Plaintiffs, the administrative claim is still pending as of today. The claims as to counts II and III have not been administratively exhausted. The allegations in counts II and III were not included within the administrative application for count I. On January 11, 2006 Plaintiffs filed the current suit in state court and the case was removed to federal court on February 2, 2006. On January 14, 2006 Plaintiffs filed a Federal Tort Claims Act (FTCA) application as to the counts II and III to protect their interest in the event it was found Mr. Sellers was acting within the scope of his employment as a U.S. Marshall. The January 2006 application was denied on February 21, 2006 and Plaintiffs' requested reconsideration on August 11, 2006. (Supplemental Reply, Def. Ex. B).

In determining whether a case will be removed to federal court or remanded to state court, the certification by the Acting United States Attorney is conclusive to establish the scope of employment. See 28 U.S.C. § 2679(d); see also Ross v. Bryan, 309 F.3d 830, 833-34 (4th Cir. 2002). Although the certification is conclusive for removal purposes, substitution of the United States is not guaranteed. The burden of persuasion shifts to Plaintiffs to show Defendant was not acting within the scope of his employment by a preponderance of the evidence. Ross, 309 F.3d at 833. The court will make the determination of whether Defendant is acting within the scope of employment by applying state law. Id. Even if the Court finds the act was not within the scope of employment, remand of the removed claim is not permitted. Id. at 386, citing Borneman v. United

States, 213 F.3d 819 (4th Cir. 2000). The United States did not submit that counts II and III have a basis for removal.

The United States did not certify Mr. Sellers was acting under the scope of his employment under counts II and III. The certification and amended certification of Acting U.S. Attorney Charles Miller only assert Mr. Sellers was acting within the scope of employment "at the time of the incident out of which the claim arose." (Supplemental Reply, Def. Ex. A; Notice of Removal, Gov. Ex. B) Neither certification mentions the allegations of counts II and III, or asserts that Mr. Sellers was acting within the scope of his employment as to these claims. Further, the declaration of James Dawson as to the scope of Mr. Sellers' employment did not expressly include counts II and III. (Dawson Aff. 2-3). In Mr. Dawson's deposition, when asked about the scope of his affidavit, he explained the affidavit "set[s] forth that [Mr. Sellers is] using that vehicle, and at the time he was operating it, was doing so pursuant to the USMS policy. Period." (Amended Response 4).

The Court **FINDS** the certification and amended certification by the Acting United States Attorney fail to assert Mr. Sellers was acting within the scope of his employment when he allegedly transmitted information about the accident, and parties involved, to other unnamed defendants to intimidate the Plaintiffs and witnesses in this case. Counts II and III were removed to this Court entirely based on their relation to Count I, which is now dismissed. Counts II and III have no independent basis for removal. Further, Mr. Sellers is not dismissed as a defendant and the United States is not substituted for counts II and III. Without the United States as a defendant, there is no basis for federal subject matter jurisdiction. Counts II and III of this case are **REMANDED** to state court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to all counsel of record and any unrepresented parties.

ENTER: September 27, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE